**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**DANOS, L.L.C. AND**
**THE GRAY INSURANCE COMPANY**

**CIVIL ACTION NO.: _____**

**VERSUS**

**JUDGE _____**

**SUPERIOR ENEGY SERVICES, L.L.C.**
**AND/OR SUPERIOR SERVICES, INC.,**
**AND LIBERTY MUTUAL AND/OR**
**ABC INSURANCE COMPANY**

**MAG. JUDGE _____**

_____

**COMPLAINT FOR DECLARATORY JUDGMENT AND FOR RECOVERY OF**
**DEFENSE COSTS PURSUANT TO CONTRACT**

_____

Complainants, Danos, L.L.C. ("Danos") and The Gray Insurance Company ("Gray"), pursuant to 28 U.S.C. §§ 2201 and 2202, and FRCP 57, bring this Complaint for Declaratory Judgment and for Recovery of Defense Costs Pursuant to Contract and Insurance Coverage under Louisiana Law, all as is more fully set forth hereinbelow:

I.

Made Defendants herein are:

A.  Superior Energy Services, L.L.C. and/or Superior Energy Services, Inc. (hereinafter collectively referred to as "Superior") a Louisiana corporation authorized to do and doing business in the State of Louisiana, and whose principal place of business is located at 203 Commission Blvd., Lafayette, LA 70508 and whose Registered Agent is CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816; and

B.  Liberty Mutual Fire Insurance Company and/or Liberty Mutual Insurance Company (hereinafter collectively referred to as "Liberty"), an insurance company authorized to do and doing business in the State of Louisiana, thereby appointing the Louisiana Secretary of State as its agent for service of process at 8585 Archives Ave. Baton Rouge, LA 70809, who, at all times pertinent to this litigation, provided General Liability insurance coverage, including Contractual Liability and blanket additional insured endorsements, to Superior bearing Policy No. EB2-691-004287-105.

II.

This Court has jurisdiction over this matter pursuant to 43 U.S.C. § 1333, the Outer Continental Shelf Lands Act (OCSLA), and 28 U.S.C. § 1331, federal question jurisdiction. Louisiana law is applicable to all claims herein as surrogate federal law under the provisions of OCSLA. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

III.

At all times pertinent hereto, Leroy J. Blaze, Jr. ("Blaze") was employed by Superior, and, as a Superior employee, is within the class of persons regarding whom Superior agreed to hold harmless, defend and indemnify certain designated third parties from any claims and/or lawsuits brought by employees of Superior against them; which protected class of third parties included among others, Danos, as set forth in greater detail below.

IV.

On January 3, 2018, Danos was sued for damages in the matter entitled, *"Leroy J. Blaze, Jr. vs. McMoRan Oil & Gas, LLC, Eagle Consulting, LLC, Total Safety U.S., Inc., Eaton Oil Tools, Inc., Danos, LLC, Donald "Buck" Bozeman, Jack A, Watkins, Liberty Mutual Fire Ins. Co., Lloyd's Syndicate 1036, Starr Indemnity & Liability Company"* bearing Docket No. 6:16-cv-1552, in the United States District Court for the Western District of Louisiana, Lafayette Division ("Blaze Claim"). [Rec. Doc. 119, Case No. 6:16-cv-01552]. Gray provided general liability insurance coverage for, and has provided a defense to, Danos in the Blaze Claim, subject to the applicable deductible funded by Danos. To the extent of the insurance payments funded by Gray for these defense costs, Gray is legally and contractually subrogated to the rights of Danos, as more fully set forth herein, to recoup those defense costs incurred at Gray's expense, and

2

further, Danos/Gray is entitled to recoup any deductible and/or cost/expense paid by Danos.

V.

The Blaze Claim stems from personal injuries that occurred on a platform owned by McMoRan Oil & Gas, LLC ("McMoRan") during a plug and abandonment ("P&A") operation, when Blaze and his co-worker were attempting to manually handle a pup joint in an elevated workbasket and fell causing certain alleged injuries to Blaze. In his original and amended Complaints, Blaze sought a judgment for damages from Danos and others, whose fault Blaze alleged caused his injuries, a substantial amount for general and special damages arising from a host of medical issues Blaze claimed to have been the result of this accident.

VI.

Formal demand was made on Superior to defend, indemnify, and hold Danos harmless, as well as insure Danos from and against the Blaze Claim on or about February 15, 2018, which demand was effectively denied by Superior based on the Louisiana Oilfield Anti-Indemnity Act ("LOAIA").

VII.

Danos and Gray incurred expenses, attorney's fees and litigation costs in successfully defending the Blaze Claim, which was dismissed via summary judgment. [Rec. Doc. 157, Case No. 6:16-cv-01552] No appeal was taken from this Judgment, which included a finding by the District Court of no fault on the part of Danos that contributed in any way to Blaze's injuries. Pursuant to that finding, the District Court dismissed all fault claims alleged against Danos; and that Judgment is final and entitled to *res judicata* effect.

VIII.

At all times pertinent to Blaze's alleged accident and injury, Danos provided contract

production/skilled labor operators to assist with the operations on the South Marsh Island 141-A platform, pursuant to a Master Service Contract between McMoRan and Danos; thus, at all time pertinent hereto, Danos was a contractor of McMoRan. [Rec. Doc. 156, Case No. 6:16-cv-01552]

IX.

At all times pertinent hereto, Superior performed services for McMoRan pursuant to a Master Service Contract ("MSC") in which Superior agreed to defend McMoRan and its "contractors of any tier," which includes Danos, as a part of the McMoRan "Company Group" for claims made by employees of Superior, including Blaze. [Rec. Doc. 56-13, Case No. 6:16-cv-01552] Additionally, Superior agreed to secure "additional insured" coverage for Danos from Superior's insurer as a member of the McMoRan "Company Group." In this regard, it was agreed, "such insurance shall be primary to, and receive no contribution from, any insurance maintained by or on behalf of Company Group, Company Group shall not be responsible or liable for any deductible, self-insured retentions, and/or premiums of Contractor's insurance." [Rec. Doc. 56-13, Case No. 6:16-cv-01552]

X.

Liberty was the Comprehensive General Liability insurer of Superior at the time of the incident, which insurance policy included contractual liability insurance, a blanket additional insured endorsement, and a primary insurance endorsement. Accordingly, Liberty insured Superior for its defense obligation to Danos. Further, as an additional insured under its policy, Liberty owes insurance coverage to Danos for the claims brought by Blaze, including the obligation to defend Danos in connection with the Blaze Claim.

XI.

Danos and Gray are entitled to the recoupment of the expenses, attorney's fees and

litigation/defense costs they incurred in the defense of the Blaze Claim from Liberty and/or Superior pursuant to the terms of the McMoRan/Superior MSC.

XII.

Pursuant to the terms of the McMoRan/Superior MSC and insurance coverages provided by Liberty, Danos and Gray, in addition to all defense costs incurred in defense of the Blaze Claim, are further entitled to recoup all expenses, attorney's fees and litigation costs incurred in having to prosecute this claim.

XIII.

In the alternative, in the event Superior failed to maintain the general liability coverages in a manner that provides coverage to Danos, then, in that event, Danos is entitled to a recovery against Superior arising out of a breach of its contractual obligations to provide defense and indemnity and/or additional insurance coverage to Danos for all defense costs and expenses that Danos incurred in defense of the Blaze Claim as well as all costs of bringing this claim.

XIV.

Danos and Gray request the Court to Declare pursuant to the McMoRan/Superior MSC and the Court's decision in *Meloy* v. *Conoco, Inc.,* 504 So.2d 833 (La. 1987), Danos, as a matter of law, was neither solely nor concurrently negligent or at fault in any manner that contributed to the injuries claimed by Blaze. The Court should declare that as a result of the defense put forth in the Blaze Claim brought against Danos by Blaze, Danos proved itself free from fault; which thereafter, under *Meloy*, removes the legal bar to recovery under the MSC as provided for in the LOAIA; and thereby validates and makes legal and enforceable the defense cost claim of Danos and Gray as provided for in detail herein.

XV.

Under the law, Danos and Gray are entitled to an award for all expenses, attorney's fees

and litigation expenses incurred in the defense of the Blaze Claim, and legal interest due thereon under Louisiana Law and the contract, as well as all costs incurred in pursuit of this claim, as amounts due and owing under the MSC and the insurance coverage provided by Liberty.

**WHEREFORE, ALL PREMISES CONSIDERED**, and after all legal delays and due proceedings had, Danos, L.L.C. and The Gray Insurance Company pray for Judgment herein declaring and awarding as follows:

A.    Danos, L.L.C. and The Gray Insurance Company pray for Judgment against Superior Energy Services, L.L.C. and/or Superior Energy Services, Inc. under the McMoRan/Superior MSC, for all of their costs of defense including, but not limited to, all expenses, attorney's fees and litigation costs incurred in defense of the Blaze Claim, and all legal and/or contractual interest owed thereupon;

B.    Danos, L.L.C. and The Gray Insurance Company pray for Judgment against Liberty pursuant to its obligation to provide additional insured insurance coverage to Danos, L.L.C., for all of their costs of defense including, but not limited to, all expenses, attorney's fees and litigation costs incurred in defense of the Blaze Claim, and all legal and/or contractual interest owed thereupon;

C.    Danos, L.L.C. and The Gray Insurance Company pray for Judgment against Superior Energy Services, L.L.C. and/or Superior Energy Services, Inc. and Liberty for all expenses, attorney's fees and litigation costs incurred by Danos, L.L.C. and The Gray Insurance Company in bringing this claim to recover its expenses, attorney's fees and litigation costs pursuant to the McMoRan/Superior MSC and Liberty's insurance coverages;

D.    Alternatively, Danos, L.L.C. and The Gray Insurance Company pray for Judgment against Superior Energy Services, L.L.C. and/or Superior Energy Services, Inc. for all damages, expenses, attorney's fees and litigation costs incurred in the Blaze Claim arising from Superior's breach of its contractual obligations, including all costs of bringing this claim, and all legal and/or contractual interest owed thereupon; and

E.    For all other such general and equitable relief as the justice of the cause may require and to which Danos, L.L.C. and The Gray Insurance Company may be entitled under the law.

DATED: May 9, 2019

Respectfully submitted,

**BROUSSARD & KAY, L.L.C.**

By: */s/ Ped C. Kay, III*
Ped C. Kay, III (LA Bar #20892)
ped@bandkay.com
Hal J. Broussard (LA Bar #3516)
hal@bandkay.com
909 Garber Road
Broussard, LA 70518
Phone: (337) 232-1666
Fax:    (337) 330-4766
Counsel for Danos, L.L.C. & The Gray
Insurance Company

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 9, 2019 the foregoing pleading was filed electronically via the court's CM/ECF system. I further certify that a copy of the foregoing pleading has been served on all counsel of record, via operation of the CM/ECF system.

*/s/ Ped C. Kay, III*
Ped C. Kay, III (LA Bar #20892)

7